

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00082-CR

---

AMBER ROSE EDMONDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 264th District Court
Bell County, Texas
Trial Court No. 83002, Honorable Paul L. LePak, Presiding

---

June 22, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Amber Rose Edmonds, proceeding pro se, was convicted of possession of a controlled substance,[1] enhanced, and sentenced to five years' confinement.[2] The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain case from which Appellant has no right of appeal and that Appellant has waived the right

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

[2] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

of appeal.  The certification comports with the record before the Court.  *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).  Notwithstanding the certification, Appellant filed a notice of appeal challenging her conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  By letter of May 7, 2021, we notified Appellant of the consequences of the trial court's certification and directed her to file a response demonstrating grounds for continuing the appeal.  By letter filed on May 28, 2021, Appellant notified the Court that she no longer seeks to appeal her conviction.

Accordingly, we dismiss the appeal based on the trial court's certification and Appellant's request to dismiss.  *See* TEX. R. APP. P. 25.2(d), 42.2(a).

Per Curiam

Do not publish.